UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

PETER MARCATO,

Plaintiff,

– against –

KAWASAKI RAIL CAR, INC.

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

FILED
U.S. DISTRICT COURT

2015 MAR -4  AM 11: 53

S.D. OF N.Y.W.P.

**ECF**

**COMPLAINT AND JURY
DEMAND**

# 15 CV     1582
**CASE NO. _____**

Plaintiff Peter Marcato, by his attorneys, Sapir Schragin LLP, alleges as and for his Complaint, as follows:

## NATURE OF CLAIMS

1.      Plaintiff, a 67-year-old male of American national origin, brings this Complaint against Defendant Kawaski Rail Car, Inc. alleging that he was discriminated against based upon his age and national origin in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 612, *et seq.*, and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. §§ 290, *et seq.*

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiff's claims are brought pursuant to federal statutes Title VII and the ADEA.

3.      This Court has supplemental jurisdiction over Plaintiff's NYSHRL claims pursuant to 28 U.S.C. § 1367 because they are part of the same case or controversy as his federal claims.

4.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because Defendant is a New York corporation with a principal place of business in

1

Yonkers, New York, which is within the Southern District of New York, and all discriminatory acts occurred within this District.

5.      Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on May 15, 2014 alleging that he was discriminated against based upon his age and national origin in violation of the Title VII and the ADEA.

6.      The EEOC issued a Notice of Right to Sue Letter on December 4, 2014 which was received by Plaintiff on December 10, 2014.

## THE PARTIES

7.      At all relevant times, Plaintiff worked for Defendant in its office in Yonkers, New York.

8.      Defendant is incorporated in New York, with its principal place of business located at 29 Wells Avenue, Yonkers, New York 10701. Defendant designs and manufactures rail cars with sophisticated technology requiring specialized hardware and software components.

9.      At all relevant times, Defendant was a covered employer within the meaning of Title VII, the ADEA, and the NYSHRL.

## FACTUAL ALLEGATIONS

10.     Plaintiff began working full time for Defendant in 2001 after providing his services as an outside consultant for over a year.

11.     Plaintiff was hired as a Software Engineering Manager in which role he received positive evaluations and maintained strong employment relationships with his peers and managers, resulting in a promotion to Senior Software Engineer.

12.     In or around April 2013, the position of Head of Engineering, one of Plaintiff's supervisors, was given to Ichiro Kawaguchi, a Japanese male who, upon information and belief,

2

is in his 50s. Prior to his appointment to this position, Plaintiff had had minimum contact with Mr. Kawaguchi.

13.     On or about June 13, 2013, Mr. Kawaguchi requested that Plaintiff cease engaging the services of a particular consulting firm. Plaintiff complied with this request.

14.     Three to four weeks later, in or around July 2013, Mr. Kawaguchi confronted Plaintiff and falsely accused him of disobeying this directive. Mr. Kawaguchi demanded that Plaintiff sign a grievance accepting responsibility for his actions, at which point Plaintiff requested the involvement of Defendant's Human Resources Department.

15.     After an investigation, on or about August 1, 2013, Defendant's Human Resources Department recommended that Mr. Kawaguchi rescind his grievance and that Plaintiff's personnel file be cleared.

16.     Within days of this conversation, Mr. Kawaguchi requested that Plaintiff provide him with daily status reports of his work. Upon information and belief, no other Senior Software Engineer was required to submit daily status reports to Mr. Kawaguchi.

17.     In or around January 2014, Plaintiff received his annual review from Mr. Kawaguchi. Mr. Kawaguchi's written evaluation of Plaintiff's work was overwhelmingly negative, citing poor relations with co-workers and low project completion. The evaluation was based on a report written in or around October 2013, by an individual who had never worked with Plaintiff, and made no mention of his inability to cooperate with his colleagues or cited project completion rates that differed in any way from Plaintiff' prior work. When Plaintiff requested Mr. Kawaguchi to explain the bases of his evaluation, Mr. Kawaguchi declined to explain its metrics. Upon information and belief, no individuals of Japanese national origin were given negative evaluations without an explanation of their bases.

3

18.     In or about January 2014, Mr. Kawaguchi refused to increase Plaintiff's salary, as had been the practice in prior annual evaluations with Defendant.  Upon information and belief, the salary of younger individuals was increased at their annual reviews.

19.     After Plaintiff's annual evaluation, without legitimate business reason, Mr. Kawaguchi placed Plaintiff on a personal improvement plan in which he would report to the Manager of Software, a colleague who had been promoted to a new position in which he was to specifically oversee the work of Plaintiff and two other Senior Software Engineers.  Upon information and belief, the personal improvement plan was created by Mr. Kawaguchi and the Manager of Software implemented the plan at Mr. Kawaguchi's direction.

20.     The personal improvement plan required Plaintiff to continue daily reports to both Mr. Kawaguchi and the Manager of Software, in addition to attending weekly and semi-weekly status meetings with Mr. Kawaguchi.  Though the plan itself lacked clear evaluation metrics, one of the stated goals was to complete a list of tasks by May 31, 2014.  The majority of the tasks on this list were outside of Plaintiff's authority or control to complete and, indeed, were outside the authority or control of any employee of Defendant.  Upon information and belief, Plaintiff was assigned this personal improvement plan by Defendant as a means of setting him up to fail so that there would be a pretextual legitimate business reason for any subsequent adverse employment action against Plaintiff.

21.     Despite the alleged pressing concerns of the personal improvement plan, Mr. Kawaguchi also demanded that Plaintiff perform an inventory of the software room at Defendant's Yonkers office.  The assigned task required Plaintiff to devote numerous hours to reviewing inventory as well as performing janitorial duties.  Upon information and belief, no younger employees or employees of Japanese national origin were required to perform similar inventory

and janitorial tasks.

22.     During Mr. Kawaguchi's weekly and semi-weekly status meetings with Plaintiff, he conducted a searching review of Plaintiff's employment record with Defendant. Mr. Kawaguchi's scrutiny focused on the misplacement of some inventory that had occurred over five years prior, which Plaintiff had corrected, and resulted in a total loss of less than $40 to Defendant. Upon information and belief, no younger employees or employees of Japanese national origin were subjected to similar extensive scrutiny.

23.     On or about March 31, 2014, Plaintiff requested to review the evaluations of his job performance. Defendant's Human Resources Department denied this request. On that same date, Plaintiff complained to the Defendant's Human Resources of Mr. Kawaguchi's unfair and discriminatory treatment. Plaintiff reiterated these concerns on or about April 15, 2014. On or about April 16, 2014, Defendant denied any discriminatory animus.

24.     Upon information and belief, Defendant has subjected other older employees not of Japanese national origin to increased scrutiny and subsequently forced termination after receiving complaints of age and national origin discrimination.

## AS AND FOR A FIRST CAUSE OF ACTION

### (Discrimination Based Upon National Origin in Violation of Title VII)

25.     Plaintiff repeats and re-alleges each allegation contained in paragraphs 1 through 24 of the Complaint, as though fully set forth herein.

26.     Defendant unlawfully discriminated against Plaintiff, on the basis of his national origin, in violation of Title VII of the Civil Rights Act by falsely accusing Plaintiff of professional insubordination, refusing to provide an annual pay increase, subjecting him to increased scrutiny, setting Plaintiff up for failure by assigning an impossible and unreasonable personal improvement

plan, and requiring Plaintiff to perform job duties that were both outside of his job description and demeaning in nature.

27.    As a result of Defendant's discrimination, Plaintiff has and continues to suffer lost wages, lost employment and career opportunities, lost employment benefits and seniority, other pecuniary damages, and lost privileges of employment, and has incurred and will continue to incur attorney's fees and costs in the prosecution of his claims.

28.    As a result of Defendant's discrimination, Plaintiff suffered and continues to suffer emotional distress, pain and suffering, and physical and mental anguish.

29.    Defendant's unlawful conduct was willful, wanton, and egregious, and Plaintiff is entitled to punitive damages.

## AS AND FOR A SECOND CAUSE OF ACTION

### *(Discrimination Based Upon Age in Violation of the Age Discrimination in Employment Act)*

30.    Plaintiff repeats and re-alleges each allegation contained in paragraphs 1 through 24 of the Complaint.

31.    Defendants unlawfully discriminated against Plaintiff, on the basis of his age, in violation of the ADEA by falsely accusing Plaintiff of professional insubordination, refusing to provide an annual pay increase, subjecting him to increased scrutiny, setting Plaintiff up for failure by assigning an impossible and unreasonable personal improvement plan, and requiring Plaintiff to perform job duties that were both outside of his job description and demeaning in nature.

32.    As a result of Defendant's discrimination, Plaintiff has suffered and continues to suffer lost wages, lost employment and career opportunities, lost employment benefits and seniority, other pecuniary damages and lost privileges of employment, and has incurred and will continue to incur attorney's fees and costs in the prosecution of her claims.

6

33.     As a result of Defendant's discrimination, Plaintiff suffers and continues to suffer emotional distress, pain and suffering, and physical and mental anguish.

## AS AND FOR A THIRD CAUSE OF ACTION

### *(Discrimination Based Upon Age and National Origin in Violation of the New York State Human Rights Law)*

34.     Plaintiff repeats and re-alleges each allegation contained in paragraphs 1 through 24 of the Complaint, as though fully set forth herein.

35.     Defendant unlawfully discriminated against Plaintiff on the basis of his age and national origin in violation of the NYSHRL by falsely accusing Plaintiff of professional insubordination, refusing to provide an annual pay increase, subjecting him to increased scrutiny, setting Plaintiff up for failure by assigning an impossible and unreasonable personal improvement plan, and requiring Plaintiff to perform job duties that were both outside of his job description and demeaning in nature.

36.     As a result of Defendant's discrimination, Plaintiff has and continues to suffer lost wages, lost employment and career opportunities, lost employment benefits and seniority, other pecuniary damages lost privileges of employment.

37.     As a result of Defendant's discrimination, Plaintiff suffered and continues to suffer emotional distress, pain and suffering, and physical and mental anguish.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that the Court:

A.     Declare Defendant's discriminatory conduct complained of herein to be a violation of Plaintiff's rights under Title VII, the ADEA, and the NYSHRL;

B.     Award Plaintiff damages for all compensation, benefits, and lost opportunities of

7

employment that Plaintiff would have been entitled to receive had Defendant not unlawfully discriminated against him, including, but not limited to, back pay, lost benefits, front pay, and pre-judgment and post-judgment interest on all sums awarded to Plaintiff;

     C.    Award Plaintiff punitive damages;

     D.    Award Plaintiff damages for any additional taxes incurred by him due to Defendant's unlawful conduct;

     E.    Award Plaintiff his reasonable attorney's fees and costs in this action, and pre-judgment and post-judgment interest on all sums awarded to Plaintiff; and

     F.    Award such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues in this action properly triable before a jury.

Dated: White Plains, New York  
      March 4, 2015

Yours, etc.  
**SAPIR SCHRAGIN LLP**

By:_____  
    Donald L. Sapir  
    Howard Schragin  
    399 Knollwood Road, Suite 310  
    White Plains, New York 10603  
    (914) 328-0366  
    *Attorneys for Plaintiff*